99 So.2d 15

**Alice ANDREWS, Wife of Marion
LA LUMIA**

**v.**

**Marion LA LUMIA.**

No. 43265.

Jan. 6, 1958.

Tillery & McBride, Arabi, for plaintiff-appellant.

PONDER, Justice.

The appellant has appealed from a judgment dismissing her rule for reinstatement of permanent alimony.

She was granted a divorce from the appellee on July 5, 1955 on the grounds of adultery and was awarded, at that time, $55 per month permanent alimony. The community existing between them was settled on August 2, 1955, whereby the plaintiff-appellant received for her part $2,041 in cash and some furniture. The appellee, after the settlement of the community was effected, ceased to make the alimony payments and filed a motion on August 22, 1955 to vacate the alimony award. The motion was sustained and the award was vacated. On March 15, 1956 the appellant filed the rule under consideration for reinstatement of alimony, alleging that she is in necessitous circumstances and that the amount she had received in the community settlement had been expended.

The trial judge dismissed this rule and the appellant has appealed.

It appears that the appellant has expended the amount received in the community settlement and she was in debt in the amount of $8.18 at the time of the trial of this rule. She was unemployed and had no income. There is evidence that she applied for employment but was refused because of her age.

The appellee is employed by the St. Bernard School Board as a bus driver and his average weekly earnings range between $36 and $37 per week. He owns a double house in which he lives on one side, and his son by a previous marriage occupies the other side without the payment of rent. The appellee's only defense is that his income is only sufficient for his support.

There is no doubt, and it is not contradicted by appellee, that the appellant is in necessitous circumstances and unable to get employment, she has no income whatever.

Under the provisions of Article 160 of the L.S.A. Civil Code, "If the wife who has obtained the divorce has not sufficient means for her maintenance, the Court may allow her in its discretion, out of the property and earnings of her husband, alimony which shall not exceed one-third of his income * * *."

Under the circumstances in this case we think an award to appellant of $12 a week would be just and reasonable. While the appellee's income is somewhat meager, nevertheless the wife is in necessitous circumstances, and she is entitled to such award.

For the reasons assigned, the judgment of the lower court is reversed and set aside, the rule filed on March 15, 1956 for reinstatement of permanent alimony is reinstated and there is now judgment on the rule condemning Marion Lalumia, defendant-appellee, to pay to his divorced wife, Mrs. Alice Andrews, plaintiff-appellant, permanent alimony in the sum of $12 per week as of March 15, 1956, the date the rule was filed. All costs to be paid by the defendant-appellee.